Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorney for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 17 2014

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

Case No. 14K05294

| | |
|---|---|
| LOIST BENNETT, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| Plaintiff, | |
| vs. | (Amount not to exceed $10,000) |
| MIDLAND CREDIT MANAGEMENT, INC., | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendant. | 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Loist Bennett ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. In January 2014, Defendant contacted Plaintiff at (626) 239-5346, in connection with an attempt to collect an alleged debt.

6. Defendant failed to provide Plaintiff with written notices within five days of the initial contact.

7. Defendant contacted Plaintiff at (626) 239-5346, at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances, including but not limited to, calling multiple times per day.

8. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

   f) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted 14th day of April, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff